UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BODNER                                    CIVIL ACTION NO. 24-cv-1716

VERSUS                                    JUDGE TERRY A. DOUGHTY

KAREN P JOHNSON ET AL                     MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Thomas J. Bodner ("Plaintiff"), who is self-represented, filed three virtually identical complaints that have been docketed together in this one civil action. Named as defendants are Karen P. Johnson, Samuel Johnson, and Carlos Alberto Villavicencio, IV. Each is described as an agent for Lighthouse Home Rentals. The court issued an order (Doc. 5) that pointed out deficiencies in the complaint and granted Plaintiff an opportunity to file an amended and restated complaint. Plaintiff did not amend his complaint. For the reasons that follow, it is recommended that this civil action be dismissed for failure to state a claim on which relief may be granted.

**Relevant Facts**

Plaintiff indicated on the form for his original complaint that he based jurisdiction on federal question. The form directed Plaintiff to list the federal statutes at issue. He wrote "violations of Due Process, violations of Title VIII of Fair Housing Act."

The form next instructed Plaintiff to write a short and plain statement of the claim by stating the facts that show he is entitled to relief. The instructions said that he should

state how each defendant was involved and what each defendant did that caused him harm or violated his rights, including the dates and places involved.  Plaintiff wrote: "for one year rent at apt with deposit.  X2 because they want to sue me for that amount for violation of lease that is false".  The complaint asked Plaintiff to state the relief that he was requesting.  He wrote that his rent was $875 per month "with them charging double in suit against me. Violated my Civil Right Fair Housing violations."  He also referenced damages for mental stress, hotel accommodations, and lost work time.

The Fair Housing Act, enacted as Title VIII of the Civil Rights Act of 1968, contains several statutory provisions that make it unlawful to discriminate with regard to housing.  There are a number of statutory provisions and a variety of bases for unlawful discrimination.  The court noted in the prior order that Plaintiff's complaint did not identify which provisions of the Fair Housing Act he relies upon, not did it set forth the factual basis for any unlawful discrimination.

Plaintiff was granted an opportunity to file an Amended and Restated Complaint by January 8, 2025 that would take the place of his original complaint.  Plaintiff was directed to set forth a short and plain statement of the particular facts that show that he is entitled to relief under the Fair Housing Act, and to allege how each named defendant was involved in such alleged violations.  Plaintiff was told that he must identify the form of discrimination he alleges and, if possible, identify the particular statutory provision of the Fair Housing Act that he relies upon.

Plaintiff did not file an amended complaint by the January 8 deadline.  He did file on that day an unsigned Motion for Relief (Doc. 7) that said the motion was filed for several

reasons. It then listed things such as "A separate eviction notice must be filed for Cathy McCarthy," "Failure to post a 5 day Pay or vacate property notice," "To investigate Lighthouse Home Rentals of Louisiana. LLC, employee, Brian Timothy Noel," and "Harassment to tenants with threats of eviction if the management wants to scare tenants into submission." Similar allegations appear in several other civil actions filed in federal court in recent weeks that attempt to challenge or overturn city court eviction proceedings.

**Analysis**

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to" state a valid claim. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff was directed in clear language to amend his complaint to specify the basis for his claims and allege facts to support them, but he failed to do so. There is nothing in the meager offerings in his complaint that asserts a plausible claim against any named defendant. There is not even a suggestion of how any of the defendants interacted with Plaintiff in any way. Plaintiff asserts that the defendants violated Due Process and the Fair Housing Act, but mere conclusory allegations, naked assertions without any factual enhancement, or formulaic recitations of a cause of action are not enough to survive review

under the Twombly standard. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Twombly "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Plaintiff's conclusory allegations are not sufficient to state a plausible claim on which relief may be granted, so his complaint should be dismissed.

The recommended dismissal may be granted sua sponte. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process). Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of January, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge